STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BENDY SYSOMBOUN-MAKILAN, Defendant-Appellant.
No. 27963.
Intermediate Court of Appeals of Hawaii.
April 7, 2009.
On the briefs:
Wendi L. Dotson, Deputy Public Defender, for Defendant-Appellant.
Kristin E. Izumi-Nitao, Deputy Attorney General. for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
On April 7, 2005, the State of Hawai`i (State) filed an indictment in the Circuit Court of the First Circuit (circuit court) charging Bendy Sysomboun-Makilan (Makilan) with: Count I, Promoting Child Abuse in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-751 (1) (a) (Supp. 2008); and Count II, Promoting Child Abuse in the Third Degree, in violation of HRS § 707-752 (1) (a) (Supp. 2008). On January 11, 2006, Makilan entered guilty pleas to both charges and moved the circuit court to defer acceptance of his pleas (Motion to Defer).
On April 5, 2006, the circuit court[1] denied Makilan's Motion to Defer and sentenced Makilan, inter alia, to two concurrent five-year terms of probation and sixty days of imprisonment. The circuit court entered its Judgment of Conviction and Probation Sentence on April 5, 2006.
On April 24, 2006, Makilan filed a motion for reconsideration of the denial of his Motion to Defer, which motion the circuit court summarily denied.
On appeal, Makilan contends:
(1) The circuit court abused its discretion when it refused to defer acceptance of his guilty pleas because
(a) the charges were eligible for deferral under HRS § 853-1 (1993 & Supp. 2008),
(b) the court improperly utilized a blanket policy of denying a deferral based on the type of offense, and
(c) Makilan met the criteria for deferral:
(i) he entered a guilty plea, acknowledging his wrongdoing;
(ii) he is not likely to engage again in a criminal course of conduct because his voluntary psychosexual evaluation (a) found that he is not a threat and is at a low risk for reoffending and (b) did not recommend sex offender treatment and his plethysmograph test confirmed that he was not a threat; and
(iii) the ends of justice and welfare of society do not require that he presently suffer the penalty imposed by law, where his testing determined a low risk of reoffending, he had an exemplary military record and character, the downloading of child pornography was inadvertent, and HRS § 706-621 (1993) factors weigh in favor of deferral.
(2) The circuit court erred in not holding a hearing before denying Makilan's motion for reconsideration of his sentencing because Makilan was not given a chance to address the circuit court's concerns regarding Makilan's "deviate" behavior and future risk by presenting to the court his penile plethysmograph evaluation, psychosexual evaluation, and allocution.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the case law and statutes relevant to the arguments advanced and issues raised, we conclude that Makilan's appeal is without merit.
The circuit court did not abuse its discretion in denying Makilan's Motion to Defer under HRS § 853-1. State v. Kaufman, 92 Hawai`i 322, 326-27, 991 P.2d 832, 836-37 (2000). Makilan has failed to show "the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to [his] substantial detriment." Id. at 326, 991 P.2d at 836
Therefore,
The Judgment of Conviction and Probation Sentence filed in the Circuit Court of the First Circuit on April 5, 2006 is affirmed.
NOTES
[1] The Honorable Michael A. Town presided.